UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FEB 21 2019

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRIS RODRIGUEZ | Case No. 1:19-MJ-86<br><br>**UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A**
**CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Michael Gruchacz, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") and am currently assigned to the Global Trade Investigations Group. I have 19 years of law enforcement experience to include being employed as a Police Officer with the Washington D.C. Metropolitan Police Department and as a Special Agent with the United States Department of State. I have knowledge of the laws and regulations relating to the illegal exportation of weapons, technology, and other controlled commodities, as well as the federal criminal statutes that regulate and, in certain instances, prohibit the export of U.S. controlled commodities, including weapons, weapons systems, services, military equipment and technology. I am empowered by law to investigate and make arrests for violations of federal law, including the unlawful exportation of items listed on the United States Munitions List ("USML"), as specified in the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, and the International Traffic in Arms Regulations, 22 C.F.R. Parts 120 et. seq. ("ITAR").

1

2. As a Special Agent with HSI, I am familiar with the federal laws relating to the unlawful export of licensable articles, technology, and commodities from the U.S. as specified and regulated by the U.S. Department of State, Directorate of Defense Trade Control ("DDTC"), the U.S. Department of Commerce, Bureau of Industry and Security ("BIS"), and the U.S. Department of the Treasury, Office of Foreign Asset Controls ("OFAC"). I am also familiar with the interpretation and application of related laws and have previously assisted in the execution of numerous federal search and arrest warrants. As a Special Agent with HSI, I have received considerable training related to identifying the techniques, methods, and procedures employed by groups, organizations, companies, corporations, and individuals who violate U.S. laws. I make this affidavit in support of an application for a criminal complaint and arrest warrant for CHRIS RODRIGUEZ.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of federal criminal laws have been committed, including 22 U.S.C. § 2778(b)(2) and (c) (AECA), 22 CFR 127.1 (ITAR), and 18 U.S.C. § 554 (Conspiracy to Smuggle Goods from the United States), 18 U.S.C. § 371 (Conspiracy), 18 U.S.C. § 922(a)(6) (Gun Control Act).

5. Because this affidavit is being submitted for a limited purpose, I have not set forth all of the information known to me concerning this investigation. Instead, I have set forth information that I believe to be sufficient to establish probable cause in support of this

application for a warrant to search the Target Account identified below, and to seize evidence, contraband, and instrumentalities of criminal activity that may be found therein.

## RELEVANT STATUTES

6. *ITAR.* The AECA authorizes the President of the United States to control the import and the export of defense articles and defense services. Under this authority, the President has designated specific military items and services as defense articles and defense services and placed them on the USML. The AECA, 22 U.S.C. § 2778(c), provides:

> Any person who willfully violates any provision of this section . . . or any rule or regulation issued under this section or . . . willfully, in a registration or license application or required report, makes any untrue statement of a material fact or omits to state a material fact required to be stated therein or necessary to make the statements therein not misleading, shall upon conviction be fined for each violation not more than $1,000,000 or imprisoned not more than 20 years, or both.

7. *Conspiracy.* Title 18, United States Code, Section 371 provides, in relevant part, that if two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, then each shall be guilty of a federal offense.

8. *Smuggling goods from the United States.* Title 18, United States Code, Section 554 provides that: "whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, shall be guilty of a federal offense."

9. *Unlawful Firearms Acts.* Title 18, United States Code, Section 922(a)(6) prohibits any person:

> [I]n connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition. This is also commonly referred to as a "straw purchase."

## FACTS ESTABLISHING PROBABLE CAUSE

10. On October 10, 2018, I received information regarding a firearms seizure at the Port of Wilmington, Delaware, from the Bureau of Alcohol, Tobacco, and Firearms ("ATF") as well as the HSI Office in Wilmington Delaware. An August 23, 2018 U.S. Customs and Border Protection ("CBP") search of outbound container # BMOU590438-4, with accompanying shipper's export declaration #ITN X20180709635420, revealed a firearm. The individual believed to have purchased the seized firearm resides in Arlington, Virginia. The seized firearm was purchased in Woodbridge, Virginia, within the jurisdiction of the Eastern District of Virginia. RODRIGUEZ purchased 25 additional firearms from the same dealer which is further discussed in paragraph 13 below.

11. U.S. ports routinely and randomly select containers for export enforcement and examination at the border. The container's manifest, listing the contents as "personal effects, toys, and household goods," was examined utilizing a CBP tool truck, X-Ray Van, and physical/visual examinations. The x-ray appeared to reveal a firearm with multiple rounds of ammunition. In my training and experience, it is typical for individuals who know it is illegal to export firearms from the United States to lie on export declarations and conceal the firearms in various ways.

12. CBP referred the container to secondary inspections where one 9mm Beretta, (serial number B007811Z), three 9mm magazines, and 247 9mm rounds of ammunition were hidden inside. The firearm was hidden in tin foil and then wrapped in plastic before being placed in a five-gallon bucket of roofing tar. (See Attachment B).

13. The firearm was traced to Chris Enrique RODRIGUES, who resides at 2713 S. Cleveland Street, Arlington, Virginia 22206. He was born in Honduras on April 26, 1962 and became a Naturalized United States Citizen on June 10, 1999. The firearm contained inside the bucket, was purchased on May 1, 2018, from Sharpshooters Indoor Range and Pro Shop, located at 8194-M Terminal Road, Lorton, Virginia. Based on this seizure, a purchase history was requested to determine how many firearms RODRIGUEZ has purchased. This history reflects the purchase of 27 firearms, many of which are duplicates of the same model and caliber weapon. The very last firearm was placed on layaway with a $200.00 deposit and was due to be picked up by RODRIGUEZ, however, I believe that he became suspicious after the firearm he previously purchased was seized.

RODRIGUEZ's firearms purchase history is as follows:

| DATE | LOCATION | MODEL | CAL. | SERIAL# | PRICE |
|---|---|---|---|---|---|
| 3/19/2005 | GILBERTS | S&W 686 | 357 | CHC0107 | Unk |
| 10/24/2010 | SHARPSHOOTERS | GLOCK 17 | 9 | PCX802 | $550.00 |
| 11/27/2010 | SHARPSHOOTERS | S&W 5906 | 9 | TCU7119 | $499.00 |
| 3/5/2011 | SHARPSHOOTERS | BERETTA 92FS | 9 | M61829Z | $700.00 |
| 4/4/2011 | SHARPSHOOTERS | BERETTA 92FS | 9 | D99978Z | $425.00 |
| 6/4/2011 | SHARPSHOOTERS | BERETTA 92FS | 9 | M68406Z | $700.00 |
| 7/8/2011 | SHARPSHOOTERS | S&W 327 | 357 | CNU2618 | $1,096.45 |
| 10/13/2011 | SHARPSHOOTERS | GLOCK 17G4 | 9 | SAB915 | $475.00 |
| 11/20/2011 | SHARPSHOOTERS | FNFIVE SEVEN | 5.7 | 386222856 | $1,199.95 |
| 2/18/2012 | SHARPSHOOTERS | BERETTA 92FS | 9 | M61938Z | $450.00 |
| 11/24/2012 | SHARPSHOOTERS | S&W 639 | 9 | TBP7168 | $325.00 |
| 5/18/2013 | SHARPSHOOTERS | S&W 627 | 357 | UTZ8970 | $895.95 |
| 7/19/2013 | SHARPSHOOTERS | GLOCK17 | 9 | UZW356 | $575.00 |
| 9/20/2013 | SHARPSHOOTERS | COLT M4 | 22 | BP004220 | $475.00 |
| 4/12/2014 | SHARPSHOOTERS | BERETTA92FS | 9 | BER651092 | $699.00 |

| Date | Dealer | Model | Caliber | Serial | Price |
|---|---|---|---|---|---|
| 7/11/2014 | SHARPSHOOTERS | S&W M&P VTAC | 40 | HTB8939 | $769.95 |
| 8/22/2014 | SHARPSHOOTERS | GLOCK17 | 9 | VPW414 | $550.00 |
| 12/5/2014 | SHARPSHOOTERS | BERETTA 92FS | 9 | BER458264Z | $699.00 |
| 5/9/2015 | SHARPSHOOTERS | S&W 5906 | 9 | TCT8887 | $350.00 |
| 5/23/2015 | SHARPSHOOTERS | BERETTA 92FS | 9 | BER700706 | $850.00 |
| 10/4/2015 | SHARPSHOOTERS | SIG SAUER 1911 | 45 | 54A038615 | $1,062.00 |
| 4/9/2016 | SHARPSHOOTERS | GLOCK 19G4 | 9 | ABSM296 | $670.00 |
| 5/27/2017 | SHARPSHOOTERS | RUGERGP100 | 357 | 17775080 | $949.95 |
| 6/17/2017 | SHARPSHOOTERS | GLOCK19G4 | 9 | ACKE655 | $618.95 |
| 6/24/2017 | SHARPSHOOTERS | S&W M&P 2.0 | 9 | NAW9948 | $534.95 |
| 6/30/2018 | SHARPSHOOTERS | BERETTA M93A | 9 | B007811Z | $1,025.95 |
| PENDING | SHARPSHOOTERS | BERETTA M93A | 9 | B005792Z | $1,025.95 |

14. The listed shipper on the shipper's export declaration was Morazan Express, which is owned and operated by Jorge DIAZ, born in Honduras on August 23, 2958. CBP Officers from The Port of Wilmington sent a notice of seizure to DIAZ indicating the pistol was found. CBP is required to send notice to the party of a seized item. DIAZ came to the port after receiving the notice and stated that he did not purchase the individual goods within the container. DIAZ stated he has customers who need to send household goods to Honduras and that he drives to the clients who put the goods they need shipped onto his truck. DIAZ collects various items from multiple clients and assembles them in an organized fashion in a shipping container for export. When the container is full, DIAZ ships the container to Honduras. DIAZ stated that RODRIGUES is a regular customer and that he drove to RODRIGUEZ's home, located at 2713 S. Cleveland St, Arlington, Virginia 22206, where RODRIGUEZ put the buckets in the truck.

15. DIAZ then obtains the individual shipper's information and gives the shipper a receipt. (Attachment B). DIAZ then drives the goods to his facility in Maryland and places them inside of a container to be shipped. Once the container is full, DIAZ arranges for sea transport of the container which contains goods from many customers. DIAZ said his wife runs the business in Honduras located at Residencial San Jose De Sula, Centro Comercial San Jose,

San Pedro Sula, HN. Photos of the seizure show black buckets with duct tape sealing the buckets. Written on the buckets is "Col. Guanchias, Sta Rita Yoro, Cell 96966163.

16. The receipt indicates that Jose Chris RODRIGUES, 703-xxx-xxxx, 2713 S, Cleveland St, Arlington Virginia 22206 was shipping to Reyna Umanzor, Colonial Guanchias, Santa Rita Yoro, 99966163. The descriptions are in Spanish but include (in English) "Black driveway paint bucket." The duct tape on the buckets, depicted on photos, have a written number which is one digit off from the foreign phone number listed on the receipt, 99966163.

17. DIAZ was shown a photograph of RODRIGUEZ as well as the residence, 2713 S. Cleveland St, Arlington, Virginia. DIAZ confirmed that the person who gave him the five-gallon buckets was in fact RODRIGUEZ and that the residence was in fact the location where he picked up the five-gallon buckets.

18. On October 16-19, 2018, surveillance was conducted at 2713 S. Cleveland St., Arlington, Virginia. A vehicle bearing Virginia registration UXC1073 was observed in front of the residence. The side of the vehicle has a plank of wood with "home inporvement [sic] 703 xxx-xxxx" painted on it. This is the same phone number listed on the receipt to export the buckets of tar containing the firearm as well as the vehicles to Guatemala and Honduras. This vehicle was registered to RODRIGUEZ at 2713 S. Cleveland St, Arlington, Virginia.

19. On October 18, 2018, I obtained financial records from MoneyGram. RODRIGUEZ is conducting wire transfers with individuals residing in Santa Rita Yoro, the same location written on the receipt and buckets of tar. Further investigation revealed that RODRIGUEZ has no income reported in The Virginia Employment Commission. However, RODRIGUEZ is buying multiple firearms with cash.

20. ATF researched the firearms identified above, which RODRIGUEZ purchased. The very first weapon RODRIGUEZ purchased on March 19, 2005, bearing serial number CHC0107, was recovered overseas in El Chol, Guatemala on January 26, 2014. This was confirmed through the HSI Attaché at the United States Embassy in Guatemala.

21. I reviewed the receipts and Firearms Transaction Records (ATF Form 4473) for all the firearms purchased by RODRIGUEZ. On all of the 4473's RODRIGUEZ states that he is the actual buyer of the firearm and that he is not transferring the firearm to anyone. RODRIGUEZ filled out the 4473 for the seized firearm in the bucket of tar, on June 30, 2018. Form 4473 clearly and explicitly state that exportation of firearms without a license is a violation of U.S. law. RODRIGUEZ signs all of the 4473's and lists his date of birth and social security number on the forms as well. I also reviewed the 4473 dated March 19, 2005, for the firearm that was recovered in Guatemala bearing serial number CHC0107. RODRIGUEZ provided his Virginia driver's license bearing number A69xxxxxx as well as his date of birth and social security number. He checked the box "yes" to question 12, which asks if he is the actual buyer, "not acquiring the firearm on behalf of another person."

22. I reviewed the previous exports made by RODRIGUEZ and noticed multiple vehicles that were exported by RODRIGUEZ to Honduras and Guatemala between December 2011 and January 2015. I know from my training and experience that individuals utilize vehicles as a vessel to hide contraband as well as fill the vehicles with household goods masking detection of contraband. The dates of each shipment of these vehicles occurs after the purchase of several firearms.

## **ABSENCE OF EXPORT LICENSES**

23. Database checks conducted by the affiant revealed no export licenses for RODRIGUEZ. DDTC also reviewed its records and determined there is no record of RODRIGUEZ ever applying for, or obtaining, a license to export any munitions from the United States. DDTC confirmed that the firearm that was seized, as well as all of the firearms that RODRIGUEZ previously purchased, are on the USML and require a State Department License pursuant to ITAR.

## CONCLUSION

24. Based on the facts obtained during this investigation I believe that RODRIGUEZ is illegally trafficking in firearms. The first weapon that RODRIGUEZ purchased in 2005 was illegally exported and ended up in Guatemala after another individual was arrested for possessing the firearm that RODRIGUEZ purchased. A search of the databases where lost and stolen firearms are recorded, reflects that RODRIGUEZ has not reported any lost or stolen firearms. The last firearm that RODRIGUEZ purchased was seized in a bucket of tar, destined for Honduras, contrary to the laws of the United States.

25. WHEREFORE, I respectfully request that the arrest warrant be issued, for RODRIGUEZ in violations of the 22 U.S.C. § 2778(b)(2) and (c) (the Arms Export Control Act), 22 CFR 127.1 (International Traffic in Arms Regulations), and 18 U.S.C. § 554 (Smuggling out of the United States), 18 U.S.C. §371 (Conspiracy) and 18 U.S.C. § 922(a)(6) (Unlawful Firearms Acts).

_____
Michael T. Gruchacz
Special Agent
Homeland Security Investigations

Subscribed and sworn before me this 21st the day of February 2019.

_____/s/_____
Michael S. Nachmanoff
United States Magistrate Judge
Hon Michael S. Nachmanoff
United States Magistrate Judge

## ATTACHMENT C







