IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO.  1:19CR153 |
| v. | ) | |
| | ) | Sentencing Date:   October 11, 2019 |
| CHRIS RODRIGUEZ, | ) | |
| Defendant. | ) | The Honorable T.S. Ellis, III |

## POSITION OF THE UNITED STATES
## WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, G. Zachary Terwilliger, United States Attorney; Ronald L. Walutes, Jr., Assistant United States Attorney; and Heather M. Schmidt, Senior Trail Attorney, National Security Division, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A (Nov. 2014), files this Position of the United States with Respect to Sentencing in the instant case.   The United States asks the Court to impose a sentence within the properly calculated guidelines in this case (46 to 57 months).   Such a guideline sentence appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).   The detailed statement of facts in this case is based upon a thorough investigation conducted by the Department of Homeland Security and captures the repetitive illegal export of firearms by Rodriguez.

## BACKGROUND

Every time this defendant purchased a firearm in the Eastern District of Virginia, he was required to sign ATF form 4473, which states: "The State Department or Commerce Department may require a firearms exporter to obtain a license prior to export.  **Warning:** Any person who exports a firearm without proper authorization may be fined not more than

$1,000,000 and/or imprisoned for not more than 20 years. See 22 U.S.C. 2778(c)." (**bold** in original). The form further explicitly states that the repetitive purchase of firearms for resale without a Federal Firearms License is a violation of law. Rodriguez personally signed each form using his Virginia driver's license to confirm his identity. In total, Rodriguez purchased 27 firearms and had one additional firearm on layaway as he raised funds to complete the purchase. All 27 firearms and ammunition purchased are export-controlled and the smuggling of them to a foreign country is contrary to U.S. law. The 27 firearms and associated ammunition are designated as Defense Articles on the USML. The signed forms date from 2005 to 2018.

The defendant attempted to conceal his export of firearms by secreting the firearms in household items to avoid detection. He failed to disclose to the shippers the true contents of his packages before delivering them for shipment overseas. On or about June 30, 2018, Rodriguez purchased a Beretta firearm, model M9A3, 9 mm, serial number B007811Z, for $1,025.95 from Sharpshooters, in Lorton, Virginia, and completed the ATF Form 4473, which asks whether the purchaser is the end user. He checked "yes."

Between June and August 23, 2018, Rodriguez placed the 9 mm, serial number B007811Z, three 9 mm clips and 247 rounds of 9 mm ammunition, all wrapped in tin foil, into a 5 gallon bucket of roofing tar. He then placed this bucket with the hidden firearm and ammunition on a truck in Arlington, Virginia, for placement into a shipping container, with other customers' packages, for export to Honduras. The defendant identified his items as household goods.

On August 23, 2018, U.S. Customs and Border Protection ("CBP") searched an outbound container at the Port of Wilmington, Delaware. The search revealed a firearm and

ammunition wrapped in tin foil inside a five gallon bucket of roofing tar.   CBP routinely and randomly selects containers for export enforcement and examination at the border.   The container's manifest, listed the contents as "personal effects, toys, and household goods."   The container was examined utilizing a CBP tool truck, X-Ray Van, and physical/visual examinations.   The x-ray appeared to reveal a firearm with multiple rounds of ammunition.   A subsequent physical search confirmed the firearm and ammunition were being smuggled to Honduras inside the tar bucket.

6.   An arrest warrant was obtained for Rodriguez, and he was taken into custody on February 25, 2019.   After waiving his rights, he admitted smuggling all 27 firearms to Honduras where trusted family and friends held the weapons for his annual visits.   Upon arriving in Honduras, he sold the firearms on the streets of Honduras with the exception of one firearm which he kept in Honduras for personal protection.   Rodriguez admitted that he started purchasing firearms for export and resale about twenty-two years ago, in California.   He purchased them in pawn shops and smuggled them out of the U.S. using vehicles and then shipping containers to avoid detection.   He explained his motivation for exporting the firearms and ammunition as a method to make money.

**ARGUMENT**

**I.   Applicable Sentencing Law**

The Sentencing Guidelines promulgated by the Sentencing Commission are advisory, although sentencing courts "must consult those Guidelines and take them into account when sentencing."   *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005).   "The Guidelines require the district judge to give due consideration to the relevant sentencing range. . . ."   *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion).   In "the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough

approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S. Ct. 558, 574 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350, 127 S. Ct. 2456, 2465 (2007)). Accordingly, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

The "'Guidelines should be the starting point and the initial benchmark,' keeping in mind that a sentencing court 'may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for reasonableness.'" *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011). Although "the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). A sentencing court, therefore, "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92 (2009).

Section 3553(a) states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The court should also consider the need

to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

## II. A Guideline Sentence is Consistent with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Nature and Circumstances of the Offense*: Applying these sentencing factors to the facts of this case demonstrates that a guideline sentence is both appropriate and reasonable. It is also important that the defendant's sentence deter others from committing similar crimes. *See United States v. Miller*, 484 F.3d 964, 967-68 (8th Cir. 2007) ("general deterrence . . . is one of the key purposes of sentencing . . . .").

*History and Characteristics of Defendant*:

Rodriguez understood he was breaking the law when he purchased firearms in the United States, completing numerous ATF Form 4473s placing him on notice that he cannot export the firearms (he smuggled each firearm to Honduras). On each ATF Form he further certified he was the ultimate end user, when in fact he was personally selling each firearm in Central America for profit. Rodriguez never sought to obtain an export license from the U.S. government. He confessed that he had been smuggling weapons out of the United States for twenty years and sold them during his trips to Honduras. The final shipment was discovered by

chance at the Port of Wilmington when law enforcement x-rayed the five gallon roofing tar bucket he was shipping to Honduras where they discovered the last 9 mm firearm and 247 rounds wrapped in foil inside the tar bucket.   These actions demonstrate Rodriguez's awareness that he was violating the law by exporting firearm parts without a license.   Given the gravity of these illegal activities, a guideline sentence in this case would deters others who would seek to profit from illegally exporting weapons.

## CONCLUSION

For the above-stated reasons, the United States submits that a guideline sentence is appropriate and necessary to protect the community and promote respect for the law and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

/s/
Ronald L. Walutes, Jr.
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:   703-299-3910
Fax: 703-739-9556
Email Address: ron.walutes@usdoj.gov

/s/
Heather M. Schmidt
Senior Trial Attorney
Counterintelligence and Export Control Section
National Security Division
Department of Justice
950 Pennsylvania Ave. N.W.

Washington, D.C. 20530
Phone:   202-233-2132
Fax:   202-532-4251
Email Address: Heather.Schmidt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2019, I electronically refiled the foregoing with the Clerk of Court correcting the case number using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Katherine Martell, Esquire
Counsel for Rodriguez

And I hereby certify that I have sent the foregoing by email to the following individual:

Kenneth G. Orsino
U.S. Probation Officer
Kenneth_Orsino@vaep.uscourts.gov

/s/
Ronald L. Walutes, Jr.
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3910
Fax: 703-739-9556
Email Address: ron.walutes@usdoj.gov